Filed 9/28/15  P. v. DeLeon CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Petitioner and Respondent,<br><br>    v.<br><br>CRYSTAL DESEREA DELEON,<br><br>    Defendant and Appellant. | F069252<br><br>(Super. Ct. Nos. BF148731A & BF151689B)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Kern County.  H.A. Staley,† Gary T. Friedman, and Charles R. Brehmer, Judges.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

\*        Before Kane, Acting P.J., Peña, J. and Smith, J.

†        Retired judge of the Kern Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**INTRODUCTION**

Appellant Crystal Deserea DeLeon was charged with multiple offenses and enhancements in two separate cases. Pursuant to plea agreements, she pled no contest in case No. BF148731A to violating Vehicle Code section 10851, subdivision (a), unlawful driving or taking of a vehicle, and to having suffered a prior strike. In case No. BF151689B, DeLeon pled no contest to being a felon in possession of a firearm, participating in a criminal street gang, and admitted a prior strike. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We will affirm the judgment.

**FACTUAL AND PROCEDURAL SUMMARY**

*Case No. BF151689B:*

The evening of November 12, 2013, five Kern County sheriff's deputies entered a residence in Bakersfield to execute an arrest warrant and to conduct a probation search of Juan Garcia. One deputy entered a bedroom in the residence; DeLeon and another female were sitting on the bed. The deputy saw a glass smoking pipe on the bedroom floor.

A records check on DeLeon revealed she was on probation, with search terms, and that there was an outstanding warrant for her arrest. A deputy looked under the mattress and located a loaded .22-caliber rifle. The rifle had the names "Grimmy" and "Nena" written in one-inch high black letters just above the magazine. The rifle was located under where DeLeon had been sitting. DeLeon told the deputy that it was her room; she shared it with Bernie Lopez; and she knew the rifle was in the room.

DeLeon also told the deputy of another rifle that was located behind a Raiders poster on the wall. DeLeon told the deputy that she was referred to as Nena, but the names on the rifle did not refer to her because "Grimmy Nena" was a term for the Varrio Bakers and she, DeLeon, was a Loma. DeLeon claimed she no longer was active with

2.

the gang because she was pregnant and did not want to associate with the gang life. She claimed she did not know who put the rifles under the mattress and behind the poster.

Lopez later told a deputy that the rifles were not his or DeLeon's, but he would take the blame for them. The Varrio Bakers are a subset of the Sureños criminal street gang. Lopez was a member of the Sureños.

On December 12, 2013, DeLeon was charged with being a felon in possession of a firearm and a felon in possession of ammunition. Both charges had appended to them the allegations that DeLeon had been convicted of a prior serious felony, had suffered a prior strike conviction, and had committed the offense for the benefit of a criminal street gang. In addition, DeLeon was charged with the offense of participating in a criminal street gang, with prior strike and prior serious felony conviction enhancements appended thereto.

On January 9, 2014, DeLeon filed a motion to suppress the physical evidence and all statements made by her to the deputy, asserting that the search was warrantless and unreasonable. The People opposed the motion, contending there was a valid probation search and exigent circumstances warranting a search. The trial court denied the motion to suppress on January 15, 2014.

On February 18, 2014, pursuant to a plea agreement, DeLeon pled no contest to being a felon in possession of a firearm, no contest to a misdemeanor charge of participating in a criminal street gang, and admitted a prior strike. The plea called for her to serve the upper term on the felony offense, doubled, with other charges and enhancements to be dismissed. At the change of plea hearing, the trial court verified that DeLeon had reviewed the felony advisement of rights, waiver, and plea form; she understood the form; she had had an adequate opportunity to consult and discuss the plea with defense counsel; she understood her constitutional rights and the consequences of entering a plea; and that there was a factual basis for the plea. The trial court found that DeLeon understood her rights, was knowingly and voluntarily waiving those rights, and

understood the consequences of entering a plea. The trial court accepted DeLeon's plea, and the remainder of the charges and enhancements were dismissed.

### *Case No. BF148731A:*

On May 29, 2013, at around 1:00 a.m., DeLeon was driving a vehicle that had been taken from the owner at gunpoint the previous day. DeLeon was aware the vehicle had been carjacked.

On August 22, 2013, DeLeon was charged with unlawful driving or taking of a vehicle and receiving stolen property. As to both counts it was alleged DeLeon had suffered a prior strike conviction.

DeLeon filed a motion to suppress on October 22, 2013. The People filed opposition to the suppression motion. The trial court accepted evidence and heard argument on the motion, and on December 5, 2013, the motion to suppress was denied.

On February 18, 2014, pursuant to a plea agreement, DeLeon pled no contest to unlawful taking or driving of a vehicle and admitted suffering a prior strike conviction. In exchange, the remaining count and the allegation were dismissed. The change of plea hearing was held jointly with the change of plea hearing in case No. BF151689B.

### *Sentence and Appeal:*

On March 18, 2014, the trial court sentenced DeLeon to the upper term of three years, doubled to six for the strike prior, for the felon in possession of a firearm conviction in case No. BF151689B. For the misdemeanor conviction for participating in a criminal street gang, the trial court imposed a concurrent sentence of 180 days in jail, with credit for time served. The trial court awarded 118 days of actual credit, plus 118 days of conduct credit, for a total of 236 days' credit. Various fines and fees were imposed, and DeLeon was reminded of the registration requirement pursuant to Penal Code section 186.30.

At the same time, DeLeon was sentenced in case No. BF148731A. The trial court imposed a sentence of 16 months, one-third the midterm, for the conviction of unlawful

4.

taking of a vehicle, to be served consecutive to the term imposed in case No. BF151689B. Various fines and fees were imposed and credits of 17 actual and 16 conduct, for a total of 33 days' credit, were awarded.

During the sentencing, the trial court told DeLeon to "interrupt" if she did not understand the proceedings and further stated, "I want to make sure you understand."

On April 15, 2014, DeLeon filed a timely notice of appeal under case No. BF151689B, asserting she was challenging the denial of the motion to suppress. She did not request a certificate of probable cause.

On June 24, 2014, appellate counsel filed a motion to construe the appeal as from the sentences and matters occurring after sentencing in both cases Nos. BF151689B and BF148731A. On July 9, 2014, the People filed a statement of nonopposition to the motion. On July 11, 2014, this court granted the motion.

## DISCUSSION

Appellate counsel filed a *Wende* brief. On December 3, 2014, DeLeon filed a supplemental brief, contending she did not understand the proceedings in the trial court and defense counsel did not explain to her the sentence that was imposed.

The record reflects that at the change of plea hearing the trial court clearly explained to DeLeon her rights and verified that she understood her rights, that she had had an adequate opportunity to discuss the plea with defense counsel, and that she knowingly and intelligently was entering into the plea agreements in both cases. At sentencing, the trial court again verified that DeLeon understood the proceedings and invited her to "interrupt" if at any time she did not understand.

DeLeon having affirmatively acknowledged in the trial court that she understood the proceedings and had been provided sufficient time to consult with her counsel, the record simply does not support her contention.

The trial court sentenced DeLeon in accordance with the plea agreements and the abstract of judgment accurately reflects the sentence, with the exception of the failure to

5.

reflect the plea to a violation of the Penal Code section 186.22, subdivision (a) offense, which should be reflected on the abstract of judgment as it supports imposition of the Penal Code section 186.30 registration requirement.

## DISPOSITION

The judgments are affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the Penal Code section 186.22, subdivision (a) conviction and to forward copies of the amended abstract of judgment to the appropriate authorities.